**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>Wrena, LLC,<br>a Michigan limited liability company,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-49047<br><br>Hon. Mark A. Randon |

**ORDER (I) ESTABLISHING BIDDING PROCEDURES, (II) SCHEDULING AN AUCTION AND A SALE HEARING IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (III) SETTING DEADLINES IN CONNECTION THEREWITH, AND (IV) AND GRANTING RELATED RELIEF**

This matter having come before the Court upon *Debtor's Motion For Entry Of (A) An Order (I) Establishing Bidding Procedures, (II) Scheduling An Auction And A Sale Hearing In Connection With The Sale Of Substantially All Of Debtor's Assets, (III) Setting Deadlines In Connection Therewith, And (IV) Granting Related Relief; And (B) An Order (I) Authorizing The Sale Of Substantially All Of Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, (II) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Granting Related Relief* ("Sale Motion");[1] the

[1] Capitalized terms used but not defined have the meanings given to them in the Sale Motion.

Court having found that: (a) jurisdiction to consider the Sale Motion is proper under 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (c) notice of the Sale Motion was properly provided; (d) good cause exists to grant the relief requested in the Motion; and (e) the Court being fully advised in the premises;

**IT IS HEREBY ORDERED** that**:**

1. The Sale Motion, solely to the extent that it requests entry of this Bidding Procedures Order, is granted as set forth in this Order.

2. The objections filed by the Office of the United States Trustee [ECF No. 73], Eaton Corporation [ECF No. 77], and the Official Unsecured Creditor's Committee [ECF No. 74] are resolved as follows: the initial overbid of $250,000 set forth in the Bidding Procedures is lowered to $150,000 and subsequent bidding increments shall be $100,000; for the avoidance of doubt, the Stalking Horse Bidder shall serve as the Back-Up Bidder if it has the second highest bid; the Committee is a Consultation Party as defined in the Bidding Procedures; Debtor's designation of Qualified Bids and the highest and best offer for the Assets shall be made by Debtor's CRO, in his sole business judgment; certain other modifications to the Bidding Procedures; and the Committee reserves all rights to object to entry of the  Sale Order.

3. All other objections to the entry of this Bidding Procedures Order not settled, withdrawn, or otherwise resolved are overruled.

4. Objections to the remaining relief requested in the Sale Motion and the entry of the proposed Sale Order must: (a) be in writing; (b) conform to any applicable requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any applicable local rules of procedure of this Court; (c) set forth the name of the objecting party and the nature of any claims or interests held by such party against or in Debtor's estate or property; (d) state with particularity the legal and factual bases for the objection and the specific grounds therefore; and (e) be filed with the Clerk of the Court and served on Debtor's counsel so as to be received on or before **DECEMBER 12, 2024** at **5:00 P.M. EASTERN TIME** ("Sale Objection Deadline").

5. For the avoidance of doubt, all respective rights of all parties in interest, including the Committee and the U.S. Trustee, are reserved in connection with the Sale Order, including, but not limited to any proposed Winning Bid or Backup Bid and in connection with the inclusion or exclusion of any assets to be acquired in the proposed transaction.

6. Any reply brief by Debtor shall be filed by no later than **DECEMBER 13, 2024.**

7. Any person or entity that fails to make an objection by the Sale Objection Deadline is forever barred from asserting any objection to the entry of the Sale Order.

8. A hearing ("Sale Hearing") to consider the remaining relief requested in the Sale Motion and the entry of the proposed Sale Order will be held on **DECEMBER 16, 2024** at **11:00 A.M. EASTERN TIME** in the Courtroom of the Honorable Mark A. Randon, United States Bankruptcy Court for the Eastern District of Michigan, 211 W. Fort Street, Courtroom 1825, Detroit, MI 48226.

9. The Bidding Procedures attached as Exhibit 6b to the Sale Motion are incorporated herein by reference and approved and will apply to the sale of the Assets.

10. The Notice of Auction and Sale attached as Exhibit 6d to the Sale Motion is incorporated herein by reference and approved.

11. The Assumption and Assignment Notice attached as Exhibit 6c to the Sale Motion is incorporated herein by reference and approved.

12. The following Assumption and Assignment Procedures are approved and will apply to the assumption and assignment by Debtor of executory contracts and unexpired leases ("Assumed and Assigned Agreements"):

i. By no later than one week following the date of entry of this Bidding Procedures Order, Debtor will file a schedule ("Cure Schedule"), which will be attached to the Assumption and Assignment Notice, identifying (a) the Assumed and Assigned Agreements potentially to be assumed and assigned to a Winning Bidder in the event of a Sale and (b) the amount, if any, Debtor believes is necessary to cure all monetary defaults and other defaults under such agreements pursuant to § 365 of the Bankruptcy Code ("Cure Costs").

ii. Upon the filing of the Cure Schedule, Debtor will serve the Cure Schedule and the Assumption and Assignment Notice on each of the non-debtor counterparties listed on the Cure Schedule by first class mail.

iii. Following the Auction, the Winning Bidder(s) and the Back-Up Bidder(s) must file on the Court's docket evidence demonstrating the ability of the Winning Bidder and the Back-Up Bidder to provide adequate assurance of future performance under any Assumed and Assigned Agreement by no later than **DECEMBER 11, 2024** at **5:00 P.M. EASTERN TIME.**

iv. The Assumption and Assignment Notice will state that Debtor is seeking, or may seek, the assumption and assignment of the Assumed and Assigned Agreements and include (a) a description of each executory contract and unexpired lease that may be assumed and assigned in connection with the Sale, (b) the deadline for objecting ("Cure/Assignment Objection") to the amount of the proposed Cure Costs related to any executory contract or unexpired lease, which will be **DECEMBER 3, 2024** at **5:00 P.M. EASTERN TIME** ("Cure/Assignment Objection Deadline") and (iii) the deadline for objecting ("Adequate Assurance Objection") to the ability of the Winning Bidder(s) and the Back-Up Bidder(s) to provide adequate assurance of future performance under any Assumed and Assigned Agreement, which will be **DECEMBER 13, 2024** at **12:00 P.M. EASTERN TIME** ("Adequate Assurance

<u>Objection Deadline</u>" and collectively with the Cure/Assignment Objection Deadline, the "<u>Cure/Adequate Assurance Objection Deadlines</u>").

v. Each Cure/Assignment Objection and/or Adequate Assurance Objection must be filed with the Bankruptcy Court and served on Debtor's counsel so that it is received by the applicable Cure/Adequate Assurance Objection Deadline.

vi. If no objections are received with respect to any Assumed and Assigned Agreement, then the Cure Costs in the Cure Schedule for such agreement will be binding upon the non-debtor counterparty to the agreement for all purposes and will constitute a final determination of the Cure Costs required to be paid by or on behalf of the Debtor in connection with the assumption and assignment of such agreement.

vii. In addition, all counterparties to the Assumed and Assigned Agreements who fail to file an objection before the Cure/Adequate Assurance Objection Deadlines, as applicable, will be (a) forever barred from objecting to the Cure Costs or adequate assurance of future performance with respect to the Assumed and Assigned Agreements, and Debtor and the Winning Bidder(s) will be entitled to rely solely upon the Cure Costs on the Cure Schedule, (b) deemed to have consented to the assumption and assignment, and (c) forever barred and estopped from asserting or claiming against the Debtor or the Winning Bidder(s) that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied, or that there is any other objection or defense to the assumption or assignment of the applicable Assumed and Assigned Agreement.

viii. Debtor or the Winning Bidder(s) may amend the Cure Schedule to remove any Assumed and Assigned Agreement at any time before such Assumed and Assigned Agreement is actually assumed and assigned pursuant to

> an order of the Court. The non-debtor party or parties to any such removed contract or lease will be notified of such exclusion by written notice mailed within one business day after such amendment.

13. Any timely filed and unresolved Cure/Assignment Objection and/or Adequate Assurance Objection will be heard at the Sale Hearing; provided, however, that Debtor reserves the right to request that any timely filed and unresolved Cure/Assignment Objection and/or Adequate Assurance Objection be heard after the Sale Hearing and after entry of the Sale Order.

14. The presence of an Assumed and Assigned Agreement on the Cure Schedule does not constitute an admission that such Assumed and Assigned Agreement is an executory contract or unexpired lease or that the Assumed and Assigned Agreement will be assumed, assigned, or both.

15. To the extent this Bidding Procedures Order or the Bidding Procedures contradict or cannot be harmonized with the APA, this Bidding Procedures Order and the Bidding Procedures will control.

16. Except as explicitly set forth herein, nothing in this Bidding Procedures Order or otherwise will affect any right that may exist in favor of any other entity holding a valid and enforceable Lien from exercising any right afforded to such holder pursuant to § 363(k) of the Bankruptcy Code.

17. The Court retains jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Bidding Procedures Order.

**Signed on October 21, 2024**

**/s/ Mark A. Randon**

**Mark A. Randon**
**United States Bankruptcy Judge**